UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

IN RE WESTERN STEEL, INC.,

                Debtor.

_____

ANGELA HAYDEN.,

                Appellant,

    v.

WESTERN STEEL, INC,

                Appellee.

Case No. 3:25-cv-00524-MMD

Bankruptcy Case No. 23-50118-GS

Adversary No. 25-00008

ORDER

## I.    SUMMARY

Before the Court is *pro se* Appellant Angela Hayden's bankruptcy appeal.[1] Hayden appeals from the bankruptcy court's decision[2] denying her motion to compel administration of estate assets after the Chapter 7 case had been closed and the estate fully administered. (*See* ECF No. 6-1 at 64.) The bankruptcy court determined that no basis existed to require further administration or reopening of the estate and, after setting aside certain procedural errors (e.g., failure to notice the motion for hearing), denied relief on the merits accordingly. (*Id.* at 62-64.) On appeal, Hayden challenges that determination and seeks further administration of alleged estate assets, notwithstanding

---

[1]Appellant Angela Hayden filed an opening brief (ECF No. 6). Appellee Western Steel, Inc. did not file an answering brief. Hayden filed a "notice of appellee's failure to file answering brief and motion for summary disposition" (ECF No. 9).

[2]The Honorable United States Bankruptcy Judge Gary Spraker's decision on Hayden's motion to compel administration of estate assets and to vacate report of no distribution. (ECF No. 6-1 at 60-67.)

closure of the bankruptcy case.[3] (ECF No. 9.) As further explained below, the Court affirms the bankruptcy court's decision.

## II.    DISCUSSION

### A.    Jurisdiction

As a threshold matter, the Court must first determine whether it has jurisdiction over the appeal of the bankruptcy court's decision. The Court concludes that it has jurisdiction under 28 U.S.C. § 158(a).

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). Under 28 U.S.C. § 158(a)(1), the current bankruptcy appeals statute, appellate jurisdiction exists when the bankruptcy court order is a final order. *See* 28 U.S.C. § 158(a)(1) (granting district courts appellate jurisdiction over appeals "from final judgments, orders, and decrees …" in bankruptcy proceedings). Generally, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *See In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000) (internal citations and quotations omitted). Under the Ninth Circuit's finality rule, a bankruptcy court order is considered final and, thus, appealable "where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed."[4] *See id.* (quoting *Law Offices of Nicholas A. Franke v. Tiffany* (*In re Lewis*), 113 F.3d 1040, 1043 (9th Cir.1997);

---

[3]Hayden argues, in large part, that reversal of the bankruptcy court's decision is warranted because Appellee Western Steel failed to file an answering brief within the time permitted by the Court's scheduling orders and thus seeks "summary disposition awarding the relief requested" (i.e., reversal and remand of the bankruptcy court's decision) in her favor. (ECF No. 9 at 2; ECF No. 6 at 14.) The Court is unpersuaded. Although Appellee did not file an answering brief within the deadlines established by the Court's minute orders (ECF Nos. 5, 8), Fed. R. Bankr. P. 8018(a)(4) provides only that an appellee who fails to file a brief "will not be heard at oral argument," absent leave of the district court or permission of the Bankruptcy Appellate Panel ("BAP"). In other words, the rule does not require automatic reversal or entry of judgment in favor of an appellant based solely on an appellee's failure to file a responsive brief. Accordingly, the Court reviews the bankruptcy court's decision on the merits, notwithstanding Appellee's failure to file an answer.

[4]"Whether a bankruptcy court's decision is final ... is a question of law reviewed de novo." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (*In re City of Desert Hot Springs*), 339 F.3d 782, 787 (9th Cir. 2003) (internal citation omitted).

*see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (holding that orders in bankruptcy cases may be immediately appealable "if they finally dispose of discrete disputes within the larger case") (citing *Howard Delivery Serv., Inc. v. Zurich American Ins. Co.,* 547 U.S. 651, 657 & n.3 (2006)).

Here, the underlying dispute concerns a post-closure request to compel further administration of Chapter 7 estate assets. At its September 2025 hearing, the bankruptcy court denied Hayden's motion, concluding that the estate had already been fully administered.[5] (ECF No. 6-1 at 60-67.) Because the bankruptcy court conclusively resolved this discrete dispute as to whether further estate administration was warranted, the Court finds that the order is final and appealable under 28 U.S.C. § 158(a). Accordingly, appellate jurisdiction is proper.[6]

### B.    Standard of Review and Review of Challenged Decision

The Court next turns to the applicable standard of review. A bankruptcy court's conclusions of law are reviewed de novo, "including its interpretation of the Bankruptcy Code," and its factual findings are reviewed for clear error. *In re Rains*, 428 F.3d at 900; *see also In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005). "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *In re Brotby*, 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003). In reviewing a bankruptcy court's decision, the Court ignores harmless errors. *See In re Mbunda*, 484 B.R. 344, 355 (B.A.P. 9th Cir. 2012).

The Court reviews the bankruptcy court's factual findings as to the administration of the estate for clear error. Under this standard, the Court accepts findings of fact made by the bankruptcy court unless such findings are clearly erroneous and "leave the definite

---

[5]Hayden failed to attach the full transcript of the bankruptcy court's hearing. The full transcript is filed as ECF No. 10.

[6]Appellant asserts that the district court has jurisdiction because it issued a minute order setting a briefing schedule on appeal (ECF No. 5). (ECF No. 6 at 4.) The Court rejects this contention because, as stated above, appellate jurisdiction, in this case, is derived from 28 U.S.C. § 158(a)(1) and the finality of the appealed bankruptcy decision, not from the Court's issuance of a ministerial scheduling order.

and firm conviction that a mistake has been committed by the bankruptcy judge." *See Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004) (internal citations omitted); *see also In re Rains*, 428 F.3d at 900.

Here, the bankruptcy court determined that the Chapter 7 estate had been fully administered and that no basis existed to compel further administration of estate assets. Under Fed. R. Bankr. P. 5009(a), a Chapter 7 estate is presumed fully administered when: "(1) the trustee has filed a final report and final account and has certified that the estate has been fully administered; and (2) within 30 days after the filing, no objection to the report has been filed by the United States trustee or a party in interest." The transcript indicates that "there were no assets for distribution" and that a "final report to effectively close the administration of the case" was filed by Mr. Burke, the appointed Chapter 7 trustee. (ECF No. 10 at 15.) Moreover, according to the record, it appears to be undisputed that there was no timely objection to the report. (ECF No. 6-1 at 64.) Because the Court may affirm the bankruptcy court's decision "on any ground fairly supported by the record," *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009), and because there appears to be no clearly erroneous mistake, the Court finds an absence of clear error.

Accordingly, because the bankruptcy court did not commit clear error in denying the motion to compel, the Cout affirms its decision.

///
///
///
///
///
///
///
///
///
///

4

III.   **CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the bankruptcy court's decision denying the motion to compel administration of estate assets is affirmed.

The Clerk of Court is directed enter judgment accordingly and close this case.

DATED THIS 19th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE